**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| WAGNER AERONAUTICAL, INC.; MAMMOTH FREIGHTERS LLC; WILLIAM WAGNER; and WILLIAM TARPLEY | ) ) ) |
| | ) |
| Movants, | ) |
| | ) |
| v. | ) Case No. 6:21-MC-104-JWB-KGG |
| | ) |
| NATIONAL INSTITUTE FOR AVIATION RESEARCH, WICHITA STATE UNIVERSITY, | ) ) ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER ON EMERGENCY MOTION TO ENFORCE RULE 45 SUBPOENA AND REQUEST FOR EXPEDITED HEARING

Now before the Court is Movants' Emergency[1] Motion to Enforce Rule 45 Subpoena and Request for Expedited Hearing. Movants move, pursuant to Fed. R .Civ. P. 45, to enforce their subpoena for non-party National Institute for Aviation Research ("NIAR"), a department of Wichita State University ("WSU"), to produce certain documents. Movants assert that the objections by Respondent to the subpoena are without merit, that the requested documents are discoverable, and that the subpoena should be enforced. Opposing the motion, Respondent argues that it has already complied with the request and the request for documents is overly broad and unduly burdensome. For the

---

[1]This Court understands that this dispute is part of expedited discovery ordered in support of a pending hearing on motion for Preliminary Injunction. However, the use of the word "emergency" is, at best, hyperbole.

following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Movants' emergency motion.

## I.   Background

The Movants are plaintiffs in a lawsuit pending in the Southern District of California which was initiated on May 25, 2021. (Doc. 2). The Movants allege the misappropriation of trade secrets regarding their program to convert passenger jets into cargo freighters. They claim that the defendants in the pending case used those trade secrets to create a competing aircraft conversion program with NIAR. NIAR/WSU (hereinafter "WSU") is not a party to the pending action. With the leave of the Southern District of California, the Movants engaged in expedited discovery in support of a preliminary injunction filed on June 21, 2021 (Doc. 9, at 6). On July 28, 2021, the Movants served WSU with a subpoena with acceptance of service confirmed the next day. (Doc. 2, at 5).

In accordance with the court's[2] scheduling order, WSU served its responses and objections on July 30 claiming the requests were vague, overbroad, and burdensome. It also objected to the August 13 deadline. WSU and the Movants met and conferred on August 3 and August 6 to come to an agreement. The Movants had depositions scheduled on August 19 and 20. After the August 6 meet and confer, the Movants claim that WSU said it would produce whatever documents it could by the August 13 deadline. Request No. 1 was re-defined as:

---

[2]The court in the Southern District of California.

> **Request No. 1**: For the time period of June 1, 2019 to the present, ~~Aa~~all documents and communications related to any <u>Wagner Aeronautical, Inc. or Mammoth Freighters LLC</u> passenger-to-freight conversion program, <u>including any internal NIAR communications discussing a Wagner Aeronautical passenger-to-freight conversion program</u> ~~P2F conversion program created or developed by Wagner Aeronautical, Inc., William Wagner, William Tarpley, or Mammoth Freighters LLC.~~

(Doc. 9, at 2). WSU was under the following understanding of the scope of the request:

> **Request No. 2**: For the time period of June 1, 2019, to December 31, 2020, all business plans and planning documents related to the Sequoia/NIAR conversion program – including scheduling documents (such as conversion schedules, development schedules, FAA certification schedules, manufacturing schedules, and engineering schedules) and estimates of necessary resources to complete the conversion (such as facility requirements, engineering head-counts, engineering hours estimates, and personnel estimates) – that were ~~created, drafted, or prepared~~ <u>provided to NIAR</u> by David Dotzenroth or Charles Wiley Dotzenroth <u>via email, personal delivery or some other means.</u>

(Doc. 9, at 2–3). WSU later notified Movants that it would make its first production by August 17 and complete production by August 20, which caused the Movants to reschedule their depositions. The Movants believe that WSU has repeatedly delayed producing relevant documents. However, the Respondent does not believe the short deadlines could be met reasonably. WSU produced 67 documents on August 20, and over 100 more after the initial filing of the present motion. (Doc. 13, at 2). The Movants claim that the documents were insufficient and request further response from WSU. The district court in California has pushed back proceedings in order to allow more time for WSU to complete its production.

## II.    Legal Standard

Rule 26(b) of the Federal Rules of Civil Procedures govern the scope of discovery. The scope of discovery pursuant to a Rule 45 subpoena mirrors that of party discovery permitted by Rule 26. *In re EpiPen Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785, 2018 WL 2445100, at *2 (D. Kan. May 31, 2018). The relevancy standards under Rule 26 are what define the permissible scope of a Rule 45 subpoena. *Id.* "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). As such, for the information to be discoverable, the requested information must be nonprivileged, relevant, and proportional to the needs of the case. *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

A party may file a motion to compel when the responding party fails to permit discovery. *Sperry v. Corizon Health*, No. 18-3119-EFM-ADM, 2020 WL 5642343, at *3 (D. Kan. Sept. 22, 2020). The initial burden rests with the party seeking discovery, but the moving party need not address all proportionality considerations. *Id.* Once the initial burden has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party

4

resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Carter v. Union Pac. R.R.*, No. 20-2093-DDC-KGG, 2021 WL 1250958, at *2 (D. Kan. Apr. 5, 2021) (Gale, J.) (citing *Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670–71 (D. Kan. 2004)).

## III.   Analysis

The proper procedure for obtaining documents from non-parties is to service them with a subpoena in accordance with Fed. R. Civ. P. 45. Only after the entity fails to comply with the subpoena, does the party seeking production move the court for an order compelling production or inspection. *See Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 540 (D. Kan. 2006) ("The appropriate procedure to compel non-parties to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure."). Rule 45 also provides that motions to quash or enforce a subpoena are heard in the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i) ("[T]he serving party may move the court for the district where compliance is required for an order compelling production or inspection.").

### a.   Meet and Confer Requirement

The Respondent first objects that the meet and confer requirement has not been met. (Doc. 9, at 10). A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make

disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The local rules further state that a court "**will not entertain** any motion to resolve a discovery dispute" unless a reasonable effort has been made to confer regarding the motion's underlying issue(s) prior to the filing of the motion. D. Kan. Rule 37.2 (emphasis added). The local rule also requires the certification to describe with particularity the steps taken by all counsel to resolve the issue in dispute. These requirements encourage parties to resolve discovery disputes "without judicial intervention." *Cotracom Commodity Trading Co. v. Seaboard Corporations*, 189 F.R.D. 456, 459 (D. Kan. 1999); *see also VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. 98–2138–KHV, 1999 WL 386949, at *1 (D. Kan. June 8, 1999). Local Rule 37.2 provides that a reasonable effort to confer "means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith, attempt to do so."

Here, WSU takes issue with the fact that the Movants gave little time to comply with the requests for production. (Doc. 9, at 10–11). They characterize the Movants' efforts as sending one email demanding production followed by the present Motion. (*Id.*). In the Movants' Reply, they contend that the meet and confer process should not be characterized as one email that demanded production but should be viewed within the context of the proceeding two weeks. (Doc. 13, at 5). The Court agrees this is appropriate. The parties met on August 3 and August 6 regarding the requests for production in dispute. Following the meetings on August 3 and 6, the parties exchanged a series of emails over the course of the next couple weeks. WSU ended up sending 67

6

documents to which Movants believed was inadequate and led to the email that WSU

contends fails the Meet and Confer Requirement. The Court is satisfied that the single

email was not the sum of the parties' efforts to reach a resolution. There was more than

one time the parties met regarding the requests for production in dispute and was

followed by further inquiries by both parties. Accordingly, WSU's objection for failure to

meet and confer is **overruled**.

### b.  Subpoena Requests in Dispute

The Respondent contends that it has complied with the subpoena in dispute, and

therefore, there is nothing to compel. (Doc. 9, at 12). The Movants, on the other hand,

contend that the initial 67 documents produced were deficient. (Doc. 2, at 10).

Subsequently, the Respondent produced more than 100 additional documents after the

present motion, to which Movants claim are still deficient. (Doc. 13, at 2). In support of

their assertion, they point out that the defendants, who are a party to the lawsuit pending

in the Southern District of California, identified documents that WSU should have

produced but were not part of the production.

The Plaintiff bears the burden of putting forth evidence that the objecting party

withheld evidence. *See Stouder v. M&A Tech., Inc.*, No. 09-4113-JAR, 2011 WL 768738,

at *4 (D. Kan. Feb. 28, 2011). It is true that a Court cannot compel a party to produce

documents outside the scope of what is being requested. *Lawson v. Spirit AeroSystems,*

*Inc.*, No. 18-1100-EFM-ADM, 2020 WL 473295, at *6 (D. Kan. Jan. 29, 2020).

However, a party must fully comply with the request for production. *Skepkek v. Roper &*

*Twardowsky, LLC*, No. 11-4102-KHV, 2014 WL 289470, at *2 (D. Kan. Jan. 27, 2014).

The Movants contend that as a part of Request No. 2, WSU was supposed to produce documents sent by party-defendants, David Dotzenroth and Charles Wiley Dotzenroth. (Doc. 2, at 11–12). Request No. 2 asks WSU to produce business plans and scheduling documents provided to David Dotzenroth or Charles Wiley Dotzenroth. However, they allege those documents were never produced by WSU because the party-defendants provided them with emails and documents that should have been under the scope of Request No. 2. And they claim this is sufficient evidence to support an inference of deficient production. The Movants also point to the fact that WSU had collected about 12,000 documents regarding the matter, and claim it would be unlikely that such a small number of documents pertain to their request. (Doc. 2,at 11; Exhibit 1).

WSU asserts that they already have produced, or will produce, all documents for Requests Nos. 1 and 2. WSU further argues that the 24-hour deadline imposed was too little time to fully comply with the request in its entirety. In response to Movants' allegation that they withheld relevant documents; they claim that a renewed search revealed no such email. Movants claim that their renewed search was inadequate because it did not include the relevant email addresses. (Doc. 13, at 3). There appears to be dispute regarding whether the search undertaken would have been inclusive of the email addresses in question. (Doc. 16, at 1; Doc. 20, at 1–2).

Movants have pointed to prior discovery rulings from the Southern District of California. (Doc. 2, at 12–13). WSU is not bound by rulings from the Southern District of California court relating to this discovery. However, it does not appear that there is a substantive dispute over the scope of the requests as modified by prior agreement of the

8

parties. Further, Movants have not met their burden that WSU has withheld evidence. WSU claims to not have possession of the disputed documents from party-defendants and have been in the process of producing documents related to the requests. However, WSU's objection that the requests include, in part, documents the Movant has already received from another party is not valid. *See, e.g.*, *In re EpiPen Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785-DDC-TJJ, 2018 WL 6061669, at *2 (D. Kan. Nov. 19, 2018) (overruling an objection that non-parties may have produced documents to the moving party). The motion is granted to the extent that WSU is withholding documents it believes the Movants have already received from other sources.

## IV.     Conclusion

Movants have not met its burden of proving that documents are being withheld. So, the Motion is granted only to the extent that WSU is not producing documents because they believe the Movants have already obtained them from other sources. There are not exceptional circumstances sufficient to require referring this motion back to California. Requests for attorneys fees are denied. WSU is ordered to comply with the requests within 14 days of the date of this Order.

**IT IS SO ORDERED.**

Dated October 7, 2021, at Wichita, Kansas

/S KENNETH G. GALE
Kenneth G. Gale
U.S. Magistrate Judge

9